# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT COOKEVILLE

| | | |
|---|---|---|
| **SABRIE BALDWIN** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No.** |
| | ) | **JURY DEMAND** |
| **v.** | ) | |
| | ) | |
| **AMSI GROUP CORP, TT OF F.** | ) | |
| **COOKEVILLE, INC. d/b/a FORD LINCOLN** | ) | |
| **OF COOKEVILLE, MICHAEL PETRELLO,** | ) | |
| **KEVIN GREEN, and LAYNE BOYCE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT

---

COMES NOW the Plaintiff, SABRIE BALDWIN, by and through her undersigned counsel, and seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, back and front pay, and attorneys fees, court costs, discretionary costs and all other damages to which she is entitled, for sexual discrimination and retaliation for opposing unlawful employment practices suffered by the Plaintiff, SABRIE BALDWIN, while employed by the Defendants, AMSI GROUP CORP and TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, Pursuant to Title VII, the Civil Rights Act of 1964, and the Tennessee Human Rights Act, as amended. Plaintiff seeks to correct unlawful employment practices based on gender and seeks redress for retaliation.

## JURISDICTION AND VENUE

1.     This action arises in part under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq. and the common and codified law of the State of Tennessee.

2.     Jurisdiction over the federal issues is invoked pursuant to 28 U.S.C. §1331 and 1343 and related provisions and over the state law claims pursuant to the doctrine of pendent jurisdiction.  Venue is proper because the events alleged substantially occurred in the Middle District of Tennessee and Defendant's principal place of business is Putnam County, Tennessee, which is located in the Middle District of Tennessee.

3.     This action properly lies in the Middle District of Tennessee pursuant to 28 U.S.C. §1391 (b), for the claim arose in this judicial district, and pursuant to 42 U.S.C. §2000e-5(f)(3), for the unlawful employment practices substantially were committed in this judicial district and this district is where, upon information and belief, the employment records of Plaintiff are located.

4.     All conditions precedent to a Title VII case and to jurisdiction under 42 U.S.C. § 2000e-5(f)(3) have occurred or been complied with, to-wit: A charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 300 days of the commission of the unfair employment practice; a Notification of Right to Sue was issued by the Equal Employment Opportunity Commission on June 20, 2014. This Complaint has been filed within 90 (ninety) days of receipt of the Notification of Right to Sue.

5.     The Plaintiff, SABRIE BALDWIN, was employed by Defendant TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, INC., as of

about February 2013 as a salesperson. The Plaintiff is female; she is a citizen of the United State of America, the State of Tennessee, and the city of Cookeville. At all times relevant to the Complaint, she was a citizen of the State of Tennessee. At all times, she was well qualified for the position she held.

6. Defendant AMSI GROUP CORP is an active Florida corporation whose agent for service of process is Miguel R. Uzcategui, 10716 NW 76 Lane, Doral, Florida 33178. Defendant AMSI GROUP CORP owns several car dealerships across the county including Defendant TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE. Defendant AMSI GROUP CORP, as an owner, oversaw the day-to-day activities of TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE located at 1600 Interstate Drive, Cookeville, Tennessee 38501, the location where Plaintiff SABRIE BALDWIN was employed. The Defendant, at all relevant times, has continually employed at least fifteen (15) employees, and has continuously been, and is now, an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

7. Defendant TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE is a Tennessee corporation, registered with the Secretary of State of Tennessee, whose agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203. The Defendant has at all relevant times, has continually employed at least fifteen (15) employees, and has continuously been, and is now, an employer engaged in an industry affecting

commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

8.     The Defendant MICHAEL PETRELLO is a resident and citizen of Putnam County, Tennessee. At all times relevant to this Complaint, MICHAEL PETRELLO was a General Manager and part owner at Ford Lincoln of Cookeville and was a supervisor of Plaintiff SABRIE BALDWIN.

9.     The Defendant KEVIN GREEN is a resident and citizen of Putnam County, Tennessee. At all times relevant to this Complaint, KEVIN GREEN was a Finance Director at Ford Lincoln of Cookeville.

10.    The Defendant LAYNE BOYCE is a resident and citizen of Putnam County, Tennessee. At all times relevant to this Complaint, LAYNE BOYCE was a Finance Manager at Ford Lincoln of Cookeville.

## FACTS

11.    As a result of being female, Plaintiff SABRIE BALDWIN was unfairly harassed and she believed that her employment was a hostile environment. Gender-based discrimination against the Plaintiff, SABRIE BALDWIN, was the motivating factor in the actions complained of by Plaintiff SABRIE BALDWIN to Defendants AMSI GROUP CORP, TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE.

12.    Plaintiff SABRIE BALDWIN's employment with Defendants AMSI GROUP CORP and TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE was hostile because Defendants maintained a work environment where lewd sexual acts were openly displayed by Defendants MICHAEL

PETRELLO, KEVIN GREEN, and LAYNE BOYCE, as well as Upper Management and other employees.

13. Numerous instances of hostile and offensive actions and comments were directed at Plaintiff SABRIE BALDWIN during her employment by the Defendants. These acts included, but are not limited to lewd acts, comments, and unwelcome touching, as well as other sexually charged offensive language and behavior.

14. Shortly after her employment started, Defendant MICHAEL PETRELLO began engaging in sexually charged gestures and behavior, including but not limited to actions such as making sexual gestures with his mouth during phone training, making sexual gestures about customers, thrusting his hips and pelvic region in such motions as to indicate sex, humping his desk as to indicate sex, holding up one arm while swinging the other arm back and forth to indicate slapping a person's rear-end, and asking Plaintiff SABRIE BALDWIN if she were dating one of the other salespeople or if they were "just fuck-buddies."

15. Defendant KEVIN GREEN engaged in sexually charged, offensive language, including but not limited to statements such as asking Plaintiff SABRIE BALDWIN if she wanted to touch his "peter," advising Plaintiff SABRIE BALDWIN to go on long test drives with customers and "give them what they need," telling Plaintiff SABRIE BALDWIN that at times he has had to "throw the dick" if it was needed to make a deal, and telling Plaintiff SABRIE BALDWIN to "assume the position" and to "bend over the back of the tailgate, Eddie's coming over," to which salesman Eddie Young replied, "Nah bro, if I wanted it, I would have taken it by now."

16. Defendant LAYNE BOYCE engaged in sexually charged, offensive behavior, including but not limited to actions such as pressing his tongue against the side of his cheek indicating oral sex.

17. Defendant KEVIN GREEN engaged in sexually charged offensive behavior, and on one occasion slapped and grabbed Plaintiff SABRIE BALDWIN's rear-end while at a company Christmas party in 2013. This offensive touching was targeted to be degrading and humiliating to Plaintiff, SABRIE BALDWIN.

18. On one occasion, Defendant MICHAEL PETRELLO took another salesperson's phone, which displayed a picture of a topless woman, and held it up right in Plaintiff SABRIE BALDWIN's face.

19. On one occasion, Defendant MICHAEL PETRELLO said to Plaintiff SABRIE BALDWIN "Let's talk about Chad's quivering vagina because he can't close a fucking deal."

20. On at least one occasion, sexual harassment training was provided for the managers of Ford Lincoln of Cookeville, however, Defendant MICHAEL PETRELLO did not attending the training.

21. On one occasion, employee Peter Kennedy told Plaintiff SABRIE BALDWIN "He's in a bad mood, why don't you give him a blow job?" in reference to a fellow salesperson.

22. On more than one occasion, male employees of Ford Lincoln of Cookeville would suggest that Plaintiff SABRIE BALDWIN go stand on the side of the road and "flash her titties" in order to attract more customers.

23.     On his first day of work at Ford Lincoln of Cookeville, salesman John Joice said to Plaintiff SABRIE BALDWIN, "I heard you were a whore. David McKim told me you were a whore."

24.     On one occasion, a loyal customer of Ford Lincoln of Cookeville arrived at the dealership to buy a car. Plaintiff SABRIE BALDWIN and a fellow salesman, Matt Crabtree, had an agreement with each other to split every deal this customer brought to the dealership. On this particular occasion, however, Plaintiff SABRIE BALDWIN was taken off the deal by Used Car Director, Geoff Root and Matt Crabtree was the sole beneficiary of the deal. This proceeded to happen with every subsequent deal this customer brought to the dealership resulting in the loss of at least four deals for Plaintiff SABRIE BALDWIN. When Plaintiff SABRIE BALDWIN asked Geoff Root why she was taken off the deal, he responded by telling her that "agreements made between you and Matt aren't agreements with the desk." Plaintiff SABRIE BALDWIN would aver this was merely pretext for discriminating against her because of her sex.

25.     On at least one occasion, Defendant MICHAEL PETRELLO told Plaintiff SABRIE BALDWIN to get thicker skin in order to "make it" in the car business and told her the car business was a "boy's club" and a "man's world."

26.     General Sales Manager, Travis Winston told Plaintiff SABRIE BALDWIN on one occasion that she needed to stop being so emotional and to "get thick skin."

27.     On one occasion, Used Car Director, Geoff Root told Plaintiff SABRIE BALDWIN to stop being so emotional.

28. In July 2013, Plaintiff SABRIE BALDWIN asked General Sales Manager, Travis Winston if she could move to a part-time position so that she could attend college in the fall. Plaintiff SABRIE BALDWIN was denied a part-time position. However, three male employees, Matt Crabtree, Robert Carpenter, and Raymond Moyer were all given part-time positions.

29. In December 2013, Plaintiff SABRIE BALDWIN went to Human Resources department at the Hyundai dealership, a sister dealership also owned by Defendant AMSI GROUP CORP, and spoke with Cindy Downs, in order to file a discrimination complaint. Plaintiff SABRIE BALDWIN did not feel comfortable speaking with the Human Resources department at Ford Lincoln of Cookeville due to the fear that fellow employees may overhear the conversation. Ms. Downs then spoke with Kelly with the AMSI GROUP CORP Human Resources department who told Plaintiff SABRIE BALDWIN not to talk to anyone from the dealership and not to return to work.

30. When Plaintiff SABRIE BALDWIN learned that only Defendant KEVIN GREEN would be discharged, Plaintiff SABRIE BALDWIN quit her job on or about January 2, 2014. Plaintiff SABRIE BALDWIN avers that she was constructively discharged as a reasonable person would not return to such a hostile work environment with her other tormentors still employed and in a position to retaliate or continue discriminating against her.

31. After Plaintiff SABRIE BALDWIN left her position at Ford Lincoln of Cookeville, Defendant MICHAEL PETRELLO called her and left voice messages

stating that he would cancel his upcoming family vacation in order to be able to speak with her about the situation.

32. Greg Grayson, an employee of Ford Lincoln of Cookeville and Plaintiff SABRIE BALDWIN's boyfriend, also quit his job at the dealership because members of management continually questioned him about Plaintiff SABRIE BALDWIN's complaint to Human Resources. Defendant MICHAEL PETRELLO told Greg Grayson that he would pay Plaintiff SABRIE BALDWIN $100,000 to "make it go away."

33. On one occasion, after Plaintiff SABRIE BALDWIN had left her position as a sales person at Ford Lincoln of Cookeville, Plaintiff SABRIE BALDWIN was shopping at Wal-Mart and upon returning to her vehicle in the parking lot, found that Defendant KEVIN GREEN had parked next to her and was sitting in his vehicle.

34. On one occasion, Defendant LAYNE BOYCE came to Plaintiff SABRIE BALDWIN's new place of employment, Starbucks in Cookeville, and proceeded to sit inside the restaurant without ordering while Plaintiff SABRIE BALDWIN worked. When Plaintiff SABRIE BALDWIN was leaving and going to her vehicle, she noticed that the Defendant had parked directly next to her.

## CLAIM I - VIOLATION OF TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964

35. Discrimination was Defendants' AMSI GROUP CORP, TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE's motivating factor in Plaintiff SABRIE BALDWIN's treatment, or, in the alternative, Plaintiff SABRIE

BALDWIN suffered adverse employment action due to her female gender, including, but not limited to, the following:

    A.    Plaintiff SABRIE BALDWIN was regularly degraded.

    B.    Plaintiff SABRIE BALDWIN was subjected to such improper treatment because of her female gender.

    C.    Plaintiff SABRIE BALDWIN was retaliated against for her opposition to sexual discrimination and harassment of, and as a result of being female.

    D.    Plaintiff SABRIE BALDWIN was replaced with a male employee after she did not return to the hostile work environment.

    E.    Sales were taken from Plaintiff SABRIE BALDWIN.

    F.    Plaintiff SABRIE BALDWIN was not allowed to go part-time.

36.    Defendants AMSI GROUP CORP, TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE subjected Plaintiff SABRIE BALDWIN to a sexually hostile work environment. Plaintiff SABRIE BALDWIN was subjected to differential terms and conditions of employment, which included harassment not accorded to other employees; excessive and abusive behavior not otherwise accorded to other employees; and a lack of being taken seriously not experienced by other employees, sales being taken away and refusal to accommodate her schedule request.

37. Defendants AMSI GROUP CORP, TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE subjected Plaintiff SABRIE BALDWIN to a hostile work environment and were hostile toward females and offensive to reasonable women and reasonable people. Defendants AMSI GROUP CORP and TT OF F. COOKEVILLE,INC. D/B/A FORD LINCOLN OF COOKEVILLE failed to exercise reasonable care to prevent sexually harassing behavior toward women.

38. Plaintiff SABRIE BALDWIN has lost salary and seeks back pay and front pay, compensatory damages, equitable relief and all other relief to which she is entitled by law. Plaintiff SABRIE BALDWIN also seeks punitive damages due to Defendants AMSI GROUP CORP, TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE's willful conduct, as well as reinstatement of her employment.

39. Defendants AMSI GROUP CORP, TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, MICHAEL PETRELLO, KEVIN GREEN and LAYNE BOYCE subjected Plaintiff SABRIE BALDWIN to a work environment permeated with discrimination, insult and humiliation.

40. Plaintiff SABRIE BALDWIN was damaged by Defendants AMSI GROUP CORP, TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE's conduct. Plaintiff SABRIE BALDWIN seeks a monetary judgment,

and all other relief to which she is entitled by law, including pre-judgment interest.

41. Declaratory, injunctive and equitable relief is sought pursuant to 42 U.S.C. § 2000e-5(g).

42. Compensatory and punitive damages are sought.

43. Costs and attorney's fees may be awarded pursuant to Title VII, as well as related provisions of the law applicable to this case, and reinstatement if the terms of such reinstatement protect Plaintiff SABRIE BALDWIN.


## CLAIM II - TENNESSEE HUMAN RIGHTS ACT VIOLATION
## T.C.A. §4-21-101

44. Plaintiff SABRIE BALDWIN re-alleges paragraphs 1-43 as if they were fully stated herein.

45. Discrimination was Defendants AMSI GROUP CORP, TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE's motivating factor in Plaintiff SABRIE BALDWIN's treatment, or, in the alternative, Plaintiff SABRIE BALDWIN suffered adverse employment action due to her female gender, including, but not limited to, the following:

   A. Plaintiff SABRIE BALDWIN was regularly degraded and improperly touched.

   B. Plaintiff SABRIE BALDWIN was subjected to such improper treatment because of her female gender.

C.    Discrimination was Defendants AMSI GROUP CORP, TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE's motivating factor in this adverse employment action.

D.    Plaintiff SABRIE BALDWIN was replaced with a male employee after she did not return to the hostile work environment.

E.    Sales were taken from Plaintiff SABRIE BALDWIN.

F.    Plaintiff SABRIE BALDWIN was not allowed to go part-time.

46.    Plaintiff SABRIE BALDWIN performed well in her duties as a salesperson and was qualified for her position.

47.    Plaintiff SABRIE BALDWIN has lost salary and benefits. Plaintiff SABRIE BALDWIN also seeks back pay and front pay, compensatory damages, equitable relief, and all other relief to which she is entitled by law. Plaintiff SABRIE BALDWIN also seeks punitive damages due to Defendants AMSI GROUP CORP, TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE's willful conduct, and reinstatement of her employment.

48.    Defendants AMSI GROUP CORP, TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE subjected Plaintiff SABRIE BALDWIN to a sexually hostile work environment. Plaintiff SABRIE BALDWIN was subjected

to differential terms and conditions of employment, which included harassment not experienced by other employees; excessive and abusive behavior not otherwise accorded to other employees; and a lack of being taken seriously not experienced by other employees, all in violation of T.C.A. § 4-21-101 et. seq.

49. Defendants AMSI GROUP CORP, TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, MICHAEL PETRELLO, KEVIN GREEN and LAYNE BOYCE subjected Plaintiff SABRIE BALDWIN to a work environment permeated with discrimination, insult and humiliation.

50. Plaintiff SABRIE BALDWIN was damaged by Defendants AMSI GROUP CORP, TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE's conduct. Plaintiff SABRIE BALDWIN seeks a monetary judgment, and all other relief to which she is entitled by law, including pre-judgment interest.

51. Declaratory, injunctive and equitable relief is sought.

52. Compensatory and punitive damages are sought.

53. Costs and attorney's fees may be awarded.

## CLAIM III - BATTERY

54. Plaintiff SABRIE BALDWIN re-alleges paragraphs 1-51 as if they were fully stated herein.

55. Without provocation and for some unknown reason Defendant KEVIN GREEN physically touched Plaintiff SABRIE BALDWIN by slapping and grabbing her rear-end during a company Christmas party in 2013.

56. Defendant KEVIN GREEN intentionally, willfully and maliciously had harmful contact with Plaintiff SABRIE BALDWIN.

57. Defendant KEVIN GREEN's contact was offensive to Plaintiff SABRIE BALDWIN, and caused her pain, embarrassment and humiliation.

58. Defendant KEVIN GREEN was acting within and during the course of his employment with Defendants AMSI GROUP CORP and TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, which are vicariously liable for the actions of Defendant KEVIN GREEN.

59. Plaintiff SABRIE BALDWIN alleges that her harm was the direct and proximate result of the actions of Defendant KEVIN GREEN and Defendants AMSI GROUP CORP and TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE.

60. Plaintiff SABRIE BALDWIN avers that she is entitled to compensation for her pain and suffering, loss of enjoyment of life, loss of income, and any other damages entitled by law.

61. Plaintiff SABRIE BALDWIN avers that in addition to her compensatory damages, Plaintiff is entitled to punitive damages for the malicious, willful, and intentional assault to which she was subjected.

## CLAIM IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. The allegations in paragraph 1 - 62 are restated and incorporated herein as if they were stated in full.

63. The conduct of Defendants MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE is highly offensive to a reasonable person in the community.

64. The conduct of Defendants MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE is outrageous behavior, not tolerated in a civilized society.

65. Defendants intentionally and recklessly caused severe emotional distress and mental anguish to Plaintiff SABRIE BALDWIN and she suffered panic attacks and still does.

66. As a proximate result of the outrageous conduct, Plaintiff SABRIE BALDWIN suffered shame, grief, humiliation, embarrassment, worry, and shock, for which Plaintiff seeks compensatory and punitive damages.

67. Defendant KEVIN GREEN was acting within and during the course of his employment with Defendants AMSI GROUP CORP and TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, which are vicariously liable for the actions of its employees.

## CLAIM V - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

68. The allegations in paragraph 1 - 68 are restated and incorporated herein as if they were stated in full.

69. Defendants MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE engaged in ongoing and pervasive harassment of Plaintiff SABRIE BALDWIN in words and deeds.

70. Defendants AMSI GROUP CORP and TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, knew or should have known of MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE's illegal and intolerable behavior, yet did nothing to spare Plaintiff SABRIE BALDWIN from working in a hostile work environment.

71. AMSI GROUP CORP and TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE had a duty to provide a work place free of hostility toward women, and free from illegal behavior toward employees in violation of state and federal law.

72. AMSI GROUP CORP and TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE breached their duty toward Plaintiff SABRIE BALDWIN by allowing Defendants MICHAEL PETRELLO, KEVIN GREEN, and LAYNE BOYCE to harass and humiliate SABRIE BALDWIN.

73. The actions of Defendants caused severe emotional distress and mental anguish to Plaintiff SABRIE BALDWIN.

74. As a proximate result of the Defendants' conduct, Plaintiff SABRIE BALDWIN suffered shame, grief, humiliation, embarrassment, worry, and shock, as well as pecuniary loss due to loss of her job, all for which Plaintiff SABRIE BALDWIN seeks compensatory damages.

75. As a proximate result of the Defendants' conduct, Plaintiff SABRIE BALDWIN suffered, and continues to suffer from panic attacks.

WHEREFORE, Plaintiff SABRIE BALDWIN prays this Honorable Court to:

A.     Enter a declaratory judgment that the practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964;

B.     Permanently enjoin Defendants AMSI GROUP CORP and TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in the unlawful practices and retaliation, policies, customs and usages set forth herein and from continuing any and all other practices shown to be in violation of applicable law;

C.     Order modification or elimination of practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law so that Defendants AMSI GROUP CORP and TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE does not discriminate on the basis of gender;

D.     Compensate and make whole Plaintiff SABRIE BALDWIN for all earnings, wages and other benefits she would have received but for the discriminatory practices of Defendants AMSI GROUP CORP and TT OF F. COOKEVILLE, INC. D/B/A FORD LINCOLN OF COOKEVILLE.

E.     Award Plaintiff SABRIE BALDWIN reasonable front pay and back pay and compensation. Plaintiff SABRIE BALDWIN also requests compensatory and punitive damages and prejudgment interest;

F.     Grant Plaintiff SABRIE BALDWIN reinstatement with back pay;

G.     Award Plaintiff SABRIE BALDWIN the costs and disbursements of this action, including reasonable attorney's fees in accordance with 42 U.S.C. § 1988, 2000e-

5(k) and related provisions of applicable law; prejudgment interest; Court costs; and discretionary costs.

H.     Grant Plaintiff SABRIE BALDWIN a trial by jury and a monetary judgment of $1,000,000; and

I.     Grant such other relief as may be just and proper.

Respectfully submitted,

Kristin Fecteau (BPR #19772)
Aubrey T. Givens. (BPR #21491)
Attorneys for Plaintiff
501 Union Street, Suite 307
Nashville, Tennessee 37219
(615) 248-8600